Present: Kinser, C.J., Lemons, Goodwyn, and Millette, JJ.,
         and Russell and Koontz, S.JJ.

SHAWN S. NECAISE                          OPINION BY
                              SENIOR JUSTICE CHARLES S. RUSSELL
v.   Record No. 100157              April 21, 2011

COMMONWEALTH OF VIRGINIA

         FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                     Timothy S. Fisher, Judge

    Code § 19.2-392.2 provides for the expungement of police

and court records in certain specified circumstances.  This

appeal presents the question whether those circumstances

include a situation in which a defendant seeks expungement of

records of felony charges disposed of by the court's

acceptance of the defendant's guilty pleas to lesser included

misdemeanor offenses.  We answer that question in the

negative.

                      Facts and Proceedings

    The facts are undisputed.  On October 30, 2007, Shawn S.

Necaise was arrested on warrants charging two felonies:

Felonious disregard of a police officer's signal to stop, in

violation of Code § 46.2-817, and feloniously assaulting a

police officer engaged in public duties, in violation of Code

§ 18.2-57.[1]

---

[1] Necaise was also charged with several misdemeanor
offenses that are not involved in this appeal.

The felony cases came before the Newport News General District Court for preliminary hearing on January 22, 2008. The records of the court show that the charges were "reduced to 46.2-817 (misdemeanor)" and "reduced to 18.2-57 assault and battery," respectively. Necaise, represented by counsel, entered guilty pleas to both misdemeanors. The court accepted the pleas, found Necaise guilty of the two misdemeanors and, on the Commonwealth's recommendation, imposed fines and suspended jail sentences for those two misdemeanors. The Commonwealth took nolle prosequi as to the other pending misdemeanor charges.

In 2009, Necaise filed a petition in the Circuit Court of the City of Newport News pursuant to Code § 19.2-392.2, asking for expungement of all police and court records pertaining to the two felony charges and the misdemeanors that had been dismissed on the Commonwealth's nolle prosequi. The court entered an order of expungement as to the misdemeanors disposed of by nolle prosequi, but denied the petition for expungement of the records pertaining to the two felony charges. We awarded Necaise an appeal.

<u>Analysis</u>

In relevant part, Code § 19.2-392.2(A) provides as follows:

2

A.  If a person is charged with the commission of a crime or any offense defined in Title 18.2, and
1.  Is acquitted, or
2.  A nolle prosequi is taken or the charge is otherwise dismissed, including dismissal by accord and satisfaction pursuant to § 19.2-151, he may file a petition setting forth the relevant facts and requesting expungement of the police records and the court records relating to the charge.

Necaise assigns error only to the circuit court's refusal to expunge the two felony records.  The parties agree that the dispositive question is whether those charges were "otherwise dismissed" under the language of Code § 19.2-392.2(A)(2), quoted above.  The simple answer is that the charges were never dismissed.  Rather, they were "reduced" to lesser included offenses that resulted in convictions.

Because the misdemeanors of which Necaise was convicted were lesser included offenses of the felonies with which he was charged, all of the elements of the offenses of which he was convicted were subsumed within the felony charges and they form the sole bases for the convictions.  Expungement of the felony charges would distort the record by leaving the convictions without any foundation, suggesting that they had been arbitrarily imposed.  The record as it stands contains a true account of the events that actually occurred and creates no injustice to either party.

A more fundamental reason for our holding is provided by the statement of legislative policy contained in Code § 19.2-

3

392.1, which was enacted simultaneously with Code § 19.2-392.2[2] to explain its purpose. Styled "Statement of policy," Code § 19.2-392.1 provides:

> The General Assembly finds that arrest records can be a hindrance to an innocent citizen's ability to obtain employment, an education and to obtain credit. It further finds that the police and court records of those of its citizens who have been absolutely pardoned for crimes for which they have been unjustly convicted can also be a hindrance. This chapter is intended to protect such persons from the unwarranted damage which may occur as a result of being arrested and convicted.

The legislative intent underlying the expungement statutes is made clear by the quoted language. It was not to distort the record of events that actually occurred, but was to avoid injustice to an "innocent citizen" falsely accused and unjustly convicted.

One who is found guilty is not an "innocent citizen" entitled to the benefit of the expungement statutes. The same reasoning applies when a court has found the evidence sufficient to support a conviction, even where the charge was later dismissed. Daniel v. Commonwealth, 268 Va. 523, 530, 604 S.E.2d 444, 447 (2004). Similarly, where a defendant pleads guilty or nolo contendere but the charge is later dismissed without a finding of guilt upon successful completion of probationary terms, the defendant is not an

---

[2] 1977 Acts ch. 675.

4

"innocent citizen" entitled to expungement of the records. Commonwealth v. Jackson, 255 Va. 552, 554, 499 S.E.2d 276, 277 (1998); Gregg v. Commonwealth, 227 Va. 504, 507, 316 S.E.2d 741, 742-43 (1984).

## Conclusion

Necaise, having been found guilty of offenses charged within the warrants upon which he was arrested, was not an "innocent citizen" entitled to the benefit of the expungement statutes. For the reasons stated, we will affirm the judgment of the circuit court.[3]

Affirmed.

---

[3] A different result is reached where a case has been tried on the merits, resulting in a conviction for a lesser included offense rather than the offense charged, and that verdict is then set aside and the defendant is retried. That situation is governed by Code § 19.2-285, which provides in pertinent part: "If the verdict be set aside and a new trial granted the accused, he shall not be tried for any higher offense than that of which he was convicted on the last trial." In Jones v. Commonwealth, 217 Va. 231, 235, 228 S.E.2d 127, 130 (1976), Kuckenbecker v. Commonwealth, 199 Va. 619, 623, 101 S.E.2d 523, 526 (1958), and Taylor v. Commonwealth, 186 Va. 587, 589-90, 43 S.E.2d 906, 908 (1947), we held that the statutory predecessors of Code § 19.2-285 mandated that, in a case retried after a verdict had been set aside, conviction of a lesser included offense at the first trial operated as an acquittal of the higher offense charged. The statute is based upon obvious considerations of double jeopardy. In each of those cases, the accused was in jeopardy of conviction of the higher offense as soon as the jury was sworn at the first trial. The Commonwealth then had its opportunity to prove the elements of the higher offense beyond a reasonable doubt, but failed to do so. A retrial for the higher offense would have been constitutionally infirm as well

5

as a violation of the statute.  Those considerations are inapplicable here.