## CIRCUIT COURT OF FAIRFAX COUNTY

Neil Perry MacDonald

v.

Commonwealth of Virginia

November 30, 2011

Case No. CL-2010-13130

By Judge Lorraine Nordlund

This matter came before the Court on October 4, 2011, upon the Petitioner's Motion for Expungement of Records. At the conclusion of the hearing, the Court took the matter under advisement. After careful consideration of the Motion, the arguments of counsel, and the relevant legal authority, the Court is prepared to rule in this matter.

*Facts*

The parties do not dispute the following facts. On February 22, 2001, Neil Perry MacDonald was arrested by the Fairfax County Police Department for the sale and/or distribution of marijuana in violation of Virginia Code § 18.2-248.1. The Commonwealth subsequently *nolle prosequi*d this charge in the General District Court.

On May 22, 2010, the Petitioner was charged by the Fairfax County Police Department with reckless driving in violation of Virginia Code § 46.2-852. The Petitioner was initially arrested for Driving Under the Influence of Alcohol in violation of Virginia Code § 18.2-266. After a post-arrest breath test revealed that the Petitioner was not under the influence of alcohol, the Petitioner was charged was reckless driving. On August 16, 2010, the General District Court granted the Commonwealth's motion to amend the charge to Improper Driving, a traffic infraction under Virginia Code § 46.2-869. The Petitioner pleaded guilty to Improper Driving and was fined.

The Petitioner now moves this Court to expunge the police and court records relating to the sale and/or distribution of marijuana charge as well as the reckless driving charge.

## Discussion

Virginia's expungement statute is embodied in § 19.2-392.2 of the Code of Virginia. Under § 19.2-392.2(A), if a person is acquitted of a crime, if a *nolle prosequi* is taken, or if the charge is otherwise dismissed, that person may file a petition setting forth the relevant facts and requesting expungement of the police and court records relating to the charge. The purpose of the expungement statute is set forth in the following Statement of Policy that prefaces § 19.2-392.2:

> The General Assembly finds that arrest records can be a hindrance to an innocent citizen's ability to obtain employment, an education, and to obtain credit. It further finds that the police and court records of those of its citizens who have been absolutely pardoned for crimes for which they have been unjustly convicted can also be a hindrance. This chapter is intended to protect such persons from the unwarranted damage which may occur as a result of being arrested and convicted.

Va. Code Ann. § 19.2-392.1 (2011). Upon a determination that a petitioner has a right to seek expungement under Virginia Code § 19.2-392.2, the trial court must then review the petition and supporting materials to determine whether "the continued existence and possible dissemination of information relating to the arrest of the petitioner causes or may cause circumstances which constitute a manifest injustice to the petitioner." *Daniel v. Commonwealth*, 268 Va. 523, 530-31, 604 S.E.2d 444 (2004).

### A. *2001 Sale and/or Distribution of Marijuana Charge*

The Petitioner was charged with the sale and/or distribution of marijuana in 2001. The charge was subsequently *nolle prosequi*d. The parties agree that the Petitioner is entitled to expungement of records relating to the marijuana charge pursuant to § 19.2-392.2(A). Further, the continued existence and possible dissemination of information relating to that charge may cause a manifest injustice to the Petitioner. Accordingly, the Court grants the Motion to expunge all police and court records relating to the Petitioner's 2001 sale and/or distribution of marijuana charge.

## B. *2010 Reckless Driving Charge*

The parties do not agree, however, that the Petitioner is entitled to expungement of records relating to the 2010 reckless driving charge. At the hearing before the General District Court, the Commonwealth moved to reduce the charge to improper driving under Virginia Code § 46.2-869, which provides that, "an attorney for the Commonwealth may reduce a charge of reckless driving to improper driving at any time prior to the court's decision. . . ." Va. Code Ann. § 46.2-869 (2011). The Commonwealth's motion was granted, and the charge was reduced to improper driving. The Petitioner then pleaded guilty to improper driving. The issue now before the Court is whether the reckless driving charge was "otherwise dismissed" within the meaning of Virginia Code § 19.2-392.2(A).

The case law cited by the Commonwealth in support of her position that the reckless driving charge was not "otherwise dismissed" is distinguishable from the present case. In *Gregg v. Commonwealth*, 227 Va. 504, 316 S.E.2d 741 (1984), the petitioner pleaded guilty to possession of marijuana. The trial court refrained from entering a judgment of guilty, placed the petitioner on probation, and eventually dismissed the proceeding upon the petitioner's compliance with probation. In *Daniel v. Commonwealth*, 268 Va. at 523, the petitioner pleaded not guilty to assault and battery. During the trial, the parties negotiated an agreed disposition. The trial court found "the evidence sufficient for a finding of guilt," but deferred judgment until after the petitioner was placed on a period of probation. *Id.* at 525. The charge was ultimately dismissed upon the petitioner's successful completion of probation.

In both *Gregg* and *Daniel*, the petitioners moved for expungement of records relating to the dismissed charges. Because the petitioners were found guilty of the charges that they sought to have expunged, the trial court denied the motions. The Virginia Supreme Court affirmed, observing that the petitioners were not entitled to expungement because "the expungement statute applies to innocent persons," and "one who is `guilty' cannot occupy the status of `innocent' so as to qualify under the expungement statute as a person whose charge has been `otherwise dismissed'." *Daniel*, 268 Va. at 528 (*citing Gregg*, 316 S.E.2d at 742-43).

In this case, the Petitioner was charged with reckless driving, but he pleaded guilty to the reduced charge of improper driving. The Petitioner did not plead guilty to reckless driving nor did the trial court make a finding of guilt as to the reckless driving charge. Unlike the petitioners in *Gregg* and *Daniel*, the Petitioner in this case was never found guilty of the charge he now seeks to have expunged.

The Court notes that the Virginia Supreme Court's recent ruling in *Necaise v. Commonwealth*, 281 Va. 666, 708 S.E.2d 864 (2011), is also distinguishable from the present case. In *Necaise*, the Court held that a defendant who is charged with a felony but pleads guilty to a lesser included

offense is not entitled to expungement of records relating the felony charge. The Court observed that, "[b]ecause the misdemeanors of which Necaise was convicted were lesser included offenses of the felonies with which he was charged, all of the elements of the offenses of which he was convicted were subsumed within the felony charges and they form the sole bases for the convictions." *Necaise*, 281 Va. at 669. Thus, "Necaise, having been found guilty of offenses charged within the warrants upon which he was arrested, was not an `innocent citizen' entitled to the benefit of the expungement statutes." *Id.* at 670.

Here, the Petitioner pleaded guilty to improper driving. Improper driving is not a lesser included offense of reckless driving. *Chibikom v. Commonwealth*, 54 Va. App. 422, 680 S.E.2d 295 (2009). Indeed:

> Every commission of reckless driving by speed does not also constitute a commission of improper driving. In addition, improper driving is not composed entirely of the elements of reckless driving by speed. Improper driving requires an additional finding of slight culpability, an element excluded from the reckless driving by speed statute.

*Id.* at 426 (*citing* Va. Code § 46.2-869). When the Petitioner pleaded guilty to improper driving, therefore, he pleaded guilty to an offense separate and distinct from reckless driving. He was not found guilty of an offense charged within the initial warrant, which sets this case apart from *Necaise*.

Because the Petitioner neither pleaded guilty to reckless driving nor was there a finding of guilt as to the reckless driving charge and because improper driving is not a lesser-included offense of reckless driving, the Court finds that the reckless driving charge was "otherwise dismissed" within the meaning of the expungement statute. In addition, the continued existence and possible dissemination of information relating to the reckless driving charge may cause a manifest injustice to the Petitioner. For the reasons set forth herein, the Court grants the Motion to expunge all police and court records relating to the 2010 reckless driving charge.

### Conclusion

The Court grants the Petitioner's Motion to expunge all police and court records relating to the 2001 possession of marijuana charge as well as the 2010 reckless driving charge.