# CIRCUIT COURT OF HANOVER COUNTY

Commonwealth of Virginia

v.

William Albert Rowe

August 31, 2012

Case No. CL12001322-00

By JUDGE J. OVERTON HARRIS

Before the Court is the Commonwealth's Motion to Vacate, in part, the Order of Expungement entered on February 8, 2012. The Court heard argument on August 27, 2012, and took the matter under advisement. Following a thorough review of the pleadings and the law, the Court finds as follows.

## I. *Background*

This matter is before the Court on the Commonwealth's Attorney's motion to void, in part, a previously entered order of expungement, pursuant to Va. Code Ann. § 19.2-392.2(M). William Albert Rowe, hereinafter "Defendant", sought an order of expungement as to the police and court records relating to three prior charges, specifically, trespass, assault, and stalking, Va. Code Ann. §§ 18.2-119, 18.2-57, and 18.2-60.3 respectively. The trespass and assault "charges were dismissed and an order of Nolle Prosequi, entered. . . ." Commonwealth's Answer to Def.'s Pet. for Expungement, ¶ 1. The stalking charge was amended to using profane language over a telephone; and, the Defendant pleaded guilty to the amended charge. *Id.* at ¶ 2. The Commonwealth asserts that the expungement as to the trespass and assault charges was proper and only the expungement of the stalking charge was

in error. Thus, the Commonwealth prays for an order voiding the order of expungement as to the stalking charge only.

## II. *Rule of Law*

Pursuant to Virginia Code § 19.2-392.2, a person may under certain specific circumstances petition the court "requesting expungement of the police records and the court records relating to [a] charge." Va. Code Ann. § 19.2-392.2(A)(2). The circumstances which allow for an expungement require, first, the petitioner must have been "charged with the commission of a crime or any offense defined in Title 18.2. . . ."; and second, the petitioner must have either been acquitted, a nolle prosequi taken, or the charge must have been "otherwise dismissed." Va. Code Ann. § 19.2-392.2(A)(1), (2). When a defendant has neither been acquitted, nor has the Commonwealth taken a nolle prosequi as to the charges against him, the dispositive question becomes whether the charge has been "otherwise dismissed."

When a defendant is charged with an offense and subsequently pleads guilty to a lesser included offense, such a defendant is not entitled to have the records relating to the initially charged offense expunged. *Necaise v. Commonwealth*, 281 Va. 666, 708 S.E.2d 864 (2011). The Court reasoned in *Necaise* that to allow for the expungement of the initial charges in such a case "would distort the record by leaving the convictions without any foundation, suggesting that they had been arbitrarily imposed." *Id.*, 281 Va. at 669, 708 S.E.2d at 866. The Court also stated the defendant "[who is found guilty] of offenses charged within the warrants upon which he was arrested, [is] not an 'innocent citizen' entitled to the benefit of the expungement statutes." *Id.*, 281 Va. at 670, 708 S.E.2d at 866.

## III. *Analysis*

Defendant by Counsel, argued the *MacDonald* case should inform this matter, wherein the defendant pleaded guilty to improper driving under Va. Code Ann. § 46.2-869 after being charged with reckless driving under § 46.2-852, and, the court subsequently granted the defendant's motion to expunge the record relating to the reckless driving charge. *MacDonald v. Commonwealth*, 83 Va. Cir. 485 (2011). The court said "[i]mproper driving is not a lesser included offense of reckless driving." *Id.* at 488 (citing *Chibikom v. Commonwealth*, 54 Va. App. 422, 680 S.E.2d 295 (2009)). The court in *MacDonald* ruled that *Necaise* was distinguishable because the defendant "was not found guilty of an offense charged within the initial warrant. . . ." *Id.*

In this matter, the Defendant pleaded guilty to use of profane language over a telephone. The initial charge on the warrant of arrest was stalking. The first question to address is whether the holding in *Necaise* is applicable;

moreover, whether use of profane language over a telephone, § 18.2-427, is a lesser included offense of stalking, § 18.2-60.3.

To be found guilty of use of profane language over a telephone, it must be proven that the accused did some act where he used "obscene, vulgar, profane, lewd, lascivious, or indecent language, or [made] any suggestion or proposal of an obscene nature, or threaten[ed] any illegal or immoral act" facilitated by the use of a telephone or other telecommunications device as described in the statute. Va. Code Ann. § 18.2-427. Also, the accused must have done such an act "with the intent to coerce, intimidate, or harass any person. . . ." *Id.*

In contrast, to be found guilty of stalking, it must be proven that the accused "on more than one occasion engage[d] in conduct directed at another person . . . intending to place[] that other person in reasonable fear of death, criminal sexual assault, or bodily injury to that other person or to that other person's family or household member. . . ." Va. Code Ann. § 18.2-60.3. An accused can also be found guilty who knew or reasonably should have known "that [his] conduct place[d] that other person in reasonable fear of death, criminal sexual assault, or bodily injury to that other person or to that other person's family or household member. . . ." *Id.*

"A lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense. Thus, in order for one crime to be a lesser included offense of another crime, every commission of the greater offense must also be a commission of the lesser offense." *Kauffmann v. Commonwealth*, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989). None of the elements of the use of profane language offense are required to be proven in order for an accused to be found guilty of stalking. Therefore, use of profane language is not a lesser included offense of stalking; consequently, *Necaise* is distinguished from the present case.

The Commonwealth's Attorney argued the *Necaise* case should control nonetheless, specifically referring to the Court's language therein pertaining to the "legislative intent underlying the expungement statutes . . . ." where the Court referred to the expungement statutes as not being for the benefit of those defendants who have been found guilty. The purpose of the expungement statute is "to avoid injustice to an 'innocent citizen' falsely accused and unjustly convicted." *Necaise*, 281 Va. at 669, 708 S.E.2d at 866.

The policy and legislative intent discussed in *Necaise* appropriately inform this court's analysis. The expungement statute's statement of policy found in Va. Code Ann. § 19.2-392.1 clearly applies the statute to "innocent citizens." In this instance the Defendant was charged with stalking and, on the very same warrant of arrest, the charge was amended to use of profane language. Clearly the Court's reasoning in *Necaise* (the expungement of the greater charge "would distort the record by leaving the convictions without any foundation, suggesting that they had been arbitrarily imposed.") should

provide the soundest reasoning in this matter as well. *Necaise*, 281 Va. at 669, 708 S.E.2d at 866. The Defendant pleaded guilty to use of profane language, and he did so by the reduction of the charge of stalking on the original warrant of arrest. To allow the Defendant to have the stalking charge expunged would distort the record of the Defendant's conviction on the use of profane language charge because there would be no foundation left in the record to support his conviction.

## IV. *Conclusion*

Having pleaded guilty to the use of profane language removes the Defendant from the group of "innocent citizens" the legislature envisioned as being eligible for expungement. Had the incident giving rise to the stalking charge and subsequent conviction of use of profane language been "otherwise dismissed," the result would have left the Defendant as an "innocent citizen" with a record of the charge "[being] a hindrance to [his] ability to obtain employment, an education, and to obtain credit." Va. Code Ann. § 19.2-392.1. The Defendant is not an "innocent citizen" in regards to the stalking charge and subsequent guilty plea to use of profane language over a telephone.

For the reasons articulated in this letter opinion, the Commonwealth's Motion to Vacate, in part, the Order of Expungement entered on February 8, 2012, is granted.