PRESENT:  All the Justices

NOLAN MARCUS FORNESS, II

v.  Record No. 210893

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE CLEO E. POWELL
JANUARY 19, 2023

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, Judge

Nolan Marcus Forness, II ("Forness") appeals the decision of the Circuit Court of

Arlington County denying his petition for expungement.

## I.  BACKGROUND

On November 21, 2019, Forness was arrested and charged with a felony violation of

Code § 18.2-266 for driving while intoxicated "after having committed a previous violation of

§ 18.2-36.1, 18.2-51.4, 18.2-51.5, or a felony violation of § 18.2-266" ("Felony DWI").  It was

subsequently determined that Forness did not have a prior felony driving while intoxicated

conviction.  The arrest warrant was subsequently amended to charge Forness with a

misdemeanor violation of Code § 18.2-266 for driving while intoxicated, second offense within

ten years ("DWI Second").

Forness was eventually found guilty of DWI Second in the general district court and

appealed his conviction to the circuit court.  While his appeal to the circuit court was pending,

Forness filed a petition seeking to expunge the Felony DWI charge from his record.  In his

petition, he argued that the Felony DWI charge wrongfully reflected a non-existent felony

conviction.  The Commonwealth did not contest Forness' assertion that he did not have any prior

convictions for felony driving while intoxicated.  Rather, it opposed Forness' petition on the

ground that it was premature, as his appeal of the DWI Second conviction was still pending in the circuit court.

At a hearing on the petition, Forness proffered that he had been employed in the jewelry industry. He stated that he had contacted other employers in the jewelry industry to inquire whether he could be hired "if he applied with a felony showing on his record." According to Forness, the other employers responded that he would not be hired under those circumstances. Forness also claimed that having the Felony DWI charge on his record would make it difficult to hunt because he could face a felon in possession of a firearm charge if a police officer or a game warden ran a background check on him and saw the Felony DWI charge. After considering the matter, the trial court denied the petition, explaining that Forness had not shown he would suffer a manifest injustice because his argument was speculative about what a future employer might do. It further ruled that, "as a matter of law, the petition fails based on the record."[1]

## II. ANALYSIS

On appeal, Forness argues that the circuit court erred in denying his expungement petition because his arrest record is indisputably inaccurate. According to Forness, the Commonwealth's decision to amend the arrest warrant operates as a dismissal of the Felony DWI charge, thereby permitting expungement under the statute. He further claims that the inclusion of the Felony DWI language on his record results in a manifest injustice, as it implies not only that he was charged with a felony, but also that he had been previously convicted of a felony. In support of this claim, he points specifically to the "with a prior felony driving while intoxicated conviction" language in the charge.

_____

[1] During the pendency of the present appeal, a jury found Forness guilty of DWI Second offense.

2

When considering a petition for expungement, the threshold determination "is whether the petitioner has a right to seek expungement . . . under an applicable provision of Code § 19.2-392(A)." *Daniel v. Commonwealth*, 268 Va. 523, 530 (2004). By its plain language, Code § 19.2-392.2(A) permits expungement only when a person "[i]s acquitted, . . . [a] nolle prosequi is taken or the charge is otherwise dismissed." Here, it is undisputed that Forness was not acquitted of the DWI after a prior felony conviction charge, nor was a nolle prosequi taken. Thus, the question before the Court is whether amending the Felony DWI charge to DWI Second equated to the Felony DWI charge being "otherwise dismissed." As this question is one of law, we apply a de novo standard of review. *Dressner v. Commonwealth*, 285 Va. 1, 5 (2013).

In *Necaise v. Commonwealth*, 281 Va. 666, 669 (2011), we explained that a charge is not "otherwise dismissed" when, for example, it is reduced to a lesser included offense. A crime is a lesser included offense of another crime when all of the elements of the lesser crime are subsumed by the greater crime. *Id.* Conversely, a charge is "otherwise dismissed" when the original charge is amended to a "completely separate and unrelated charge." *Dressner*, 285 Va. at 6.

Forness insists that the lack of any temporal element in the Felony DWI means that DWI Second cannot be a lesser included offense. Forness' argument on this point conflates the offense with which he was charged, i.e., driving while intoxicated in violation of Code § 18.2-266, with the punishment that may be imposed for a conviction of that offense.

Code § 18.2-266 states, in relevant part:

> It shall be unlawful for any person to drive or operate any motor vehicle . . . (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume . . . . A charge alleging a violation of this section shall support a conviction under clauses (i), (ii), (iii), (iv), or (v).

In contrast, Code § 18.2-270 enumerates the various penalties that may be imposed for driving while intoxicated in violation of Code § 18.2-266. As established by Code § 18.2-270, the penalty for violating Code § 18.2-266 ranges from a Class 1 misdemeanor, *see* Code § 18.2-270(A), to a Class 6 felony, *see* Code § 18.2-270(C)(1). The severity of the penalty imposed is dictated by the number of prior convictions for violating Code § 18.2-266 that have been committed within a certain time period, the person's level of intoxication and the nature of the penalties that were previously imposed. Code § 18.2-270.[2] As every driving while intoxicated charge implicates the same underlying offense, a violation of Code § 18.2-266, it is clear that Felony DWI and DWI Second involve the same offense but with different sentencing enhancements.[3] In other words, the difference between the two charges is one of degree and not of kind.

---

[2] For example, Code § 18.2-270(B)(1) states:

> *Any person convicted of a second offense committed within less than five years after a prior offense under § 18.2-266* shall upon conviction of the second offense be punished by a mandatory minimum fine of $500 and by confinement in jail for not less than one month nor more than one year. Twenty days of such confinement shall be a mandatory minimum sentence.

(Emphasis added.)
It is further worth noting that, "[f]or the purpose of determining the number of offenses committed by, and the punishment appropriate for, a person under this section" a conviction under certain other statutes "shall be considered a conviction of § 18.2-266." Code § 18.2-270(E).

[3] In *Mwangi v. Commonwealth*, 277 Va. 393, 395 (2009), the Court referred to prior violations of Code § 18.2-266 as "an element of the felony offense described in Code § 18.2-270(C)(1)." We note, however, that Code § 18.2-270(C)(1) does not describe a "felony offense;" rather, it establishes the penalty for individuals "convicted of three offenses of § 18.2-266 committed within a 10-year period." *See, e.g.*, *Commonwealth v. Leonard*, 294 Va. 233, 241 (2017) (describing convictions for violations of Code § 18.2-266 as "predicate offense[s] under the penalty provisions of Code § 18.2-270(C)(1)."). To the extent that the sentencing enhancements under Code § 18.2-270 are considered to be part of the underlying offense, we have already recognized that a misdemeanor driving while intoxicated charge is a lesser included offense of a felony driving while intoxicated charge. *See Mwangi*, 277 Va. at 395 (remanding

4

In the present case, the amendment to the arrest warrant related only to the sentencing enhancement sought to be imposed, not the underlying offense. Indeed, it cannot be disputed that the only offense that Forness was ever charged with was a violation of Code § 18.2-266. Given that the actual offense that Forness was charged with remained the same, it simply cannot be said that the amendment resulted in a completely separate and unrelated charge. Accordingly, the amendment did not render the Felony DWI charge "otherwise dismissed" for the purposes of Code § 19.2-392.2. Therefore, the circuit court properly dismissed Forness' expungement petition.[4]

## III. CONCLUSION

For the foregoing reasons, we will affirm the judgment of the circuit court.

*Affirmed.*

Mann, J., dissenting.

It is confounding as to how this case has arrived at the Commonwealth's court of last resort. After all, there is no dispute that Forness was charged with the wrong crime.

How can one be charged with the felony of driving while intoxicated after having previously been convicted of a felony driving while intoxicated charge, when there was no such prior conviction? Once you get past that legal mouthful, the next question is why, after all this time, does that charge remain on his criminal record?

---

"the case to the trial court for a new trial on the lesser-included misdemeanor [driving under the influence] charge" when the Commonwealth failed to present sufficient evidence to support a felony driving under the influence charge).

[4] Having determined that Forness failed to satisfy the threshold determination that the Felony DWI charge was "otherwise dismissed," we do not reach the question of whether the continued existence of the Felony DWI on Forness' record amounts to a manifest injustice.

5

Forness was completely innocent of the charge for which he was arrested, as there is no question that he has never been convicted of felony DWI. Now he must shoulder the burden of explaining away this charge on his permanent criminal record to potential employers or law enforcement because we do not grant him the relief he requests.

Because both parties below admit that Forness could not have been convicted of the crime with which he was charged, and the lesser included offense analysis applied by the majority defeats the plain meaning of the expungement statute, I respectfully dissent. Simply, we should not allow what amounts to a bureaucratic paperwork error at the outset of this matter to damage a man who already bears the weight of his other criminal offenses.

One's criminal record, in our society, can be determinative of one's livelihood, one's future, and even one's freedom to exercise constitutional rights.[1] It stands as a warning to potential employers, social service agencies and other entities requiring background investigations as a condition of employment. The accuracy of one's record, just like one's reputation, should be subject to significant scrutiny. The carelessly charged offense now will remain on his record despite its alarming consequences.[2]

---

[1] It is an undeniable fact that this is not Forness' first conviction for driving while intoxicated. However, the prior record is of no moment to this analysis. If the government takes on the obligation of faithful reporting of crimes which ultimately informs subsequent charging decisions, accuracy must be paramount.

[2] There is no question that the felony offense was placed on Forness' criminal record. This occurs by operation of law. Code § 19.2-390 requires that the arrest be entered into both the Virginia Criminal Information Network ("VCIN") and the National Crime Information Center ("NCIC"). VCIN is maintained by the Department of the State Police and NCIC is the responsibility of the Federal Bureau of Investigation.

Under any circumstances this appears to be a non-issue, as the presence of the wrong charge on Forness' criminal record was never disputed by the Commonwealth's Attorney in its Answer below, by the Commonwealth's Attorney in its Brief in Opposition, by the Attorney General in the Amicus filing, or by the trial court in its order.

Although the majority opinion states the facts, the following should be emphasized: Forness was arrested and charged with felony driving while intoxicated ("DWI") after having been previously convicted of a felony DWI charge. Following Forness' arrest, the Arlington County Deputy Commonwealth's Attorney contacted Forness' attorney, and confessed that he could not "track down a prior [f]elony conviction" and that he would need to set the case for a misdemeanor trial instead of a preliminary hearing on a felony.[3]

In March 2020, the Arlington County General District Court amended the charge to misdemeanor DWI, second offense within ten years, over Forness' objection.[4] In July 2020, Forness was convicted in the district court of misdemeanor DWI, second within ten years. Forness then noted his appeal to the Arlington County Circuit Court. In September 2021, Forness was convicted in the circuit court of misdemeanor DWI, second offense within ten years. Forness petitioned to expunge the charged felony DWI, prior felony conviction.

While Virginia's expungement statute does not mandate expungement generally, because Forness' original felony charge was "otherwise dismissed" under the plain meaning of Code § 19.2-392.2 and a nonexistent felony conviction based upon a charging error constitutes a manifest injustice, I would reverse the judgment of the circuit court.

---

[3] In its Brief in Opposition, the Arlington County Commonwealth's Attorney conceded that "the warrant had been incorrectly issued as a felony" and as a result the Commonwealth "moved to amend the charge of felony driving while intoxicated after having been previously convicted of a felony driving while intoxicated charge to the appropriate charge of driving while intoxicated; second offense within ten years; with a BAC greater than .15 but less than .20." (Br. in Opp. 3).

[4] Forness objected to the amendment by the Commonwealth, presumably because it would have been a legal impossibility for the Commonwealth to win a conviction for felony DWI as originally charged. *See Mwangi v. Commonwealth*, 277 Va. 393, 395 (2009).

The expungement analysis provided in Code § 19.2-392.2 consists of a two-step process: (1) Whether the petitioner can seek expungement under the statute, and (2) whether the record qualifies as a manifest injustice. *See Dressner v. Commonwealth*, 285 Va. 1, 5-8 (2013); *Brown v. Commonwealth*, 278 Va. 92, 102-03 (2009). Because I conclude that Forness was entitled to seek an expungement under the statute, I also address the manifest injustice statutory element.

## I.  Standard of Review

Whether a petitioner is eligible to seek expungement of a record under Code § 19.2-392.2(A) is "a question of law that this Court reviews de novo." *Dressner*, 285 Va. at 5. However, this Court "review[s] a trial court's decision to grant or deny expungement under Code § 19.2-392.2(F) under an abuse of discretion standard." *A.R.A. v. Commonwealth*, 295 Va. 153, 160 (2018). That discretion "is restricted by the forgiving standard that the statute sets forth." *Id.* "The statute provides that the petition should be granted if the petitioner, who bears the burden of proof, can establish that 'the continued existence and possible dissemination of information relating to the arrest of the petitioner causes or may cause circumstances which constitute a manifest injustice to the petitioner.'" *Id.* (quoting Code § 19.2-392.2(F)).

## II.  Forness' Eligibility to Petition for Expungement

To begin the first prong of the expungement analysis, this Court must ascertain the nature of the charge Forness was seeking to expunge. Then, the Court must determine whether it is eligible for expungement.

## A.  The charged offense

Virginia's expungement statute, in pertinent part, specifically permits a person "*charged* with the commission of a crime, a civil offense, or any offense defined in Title 18.2" to petition for "expungement of the police records and the court records relating to the *charge*" if the person

8

is "acquitted, or . . . [a] nolle prosequi is taken or the *charge* is otherwise dismissed." Code § 19.2-392.2(A) (emphases added). When analyzing whether a petitioner is eligible for expungement, this Court begins with a focus upon the charges for which expungement is sought. *See, e.g., A.R.A.*, 295 Va. at 158 (felony assault and battery); *Dressner*, 285 Va. at 4 (possession of marijuana); *Necaise v. Commonwealth*, 281 Va. 666, 667-68 (2011) (felony disregard of a police officer's signal to stop, felony assault of a police officer engaged in public duties).

Forness maintains that he was charged with "the felony of [d]riving [w]hile [i]ntoxicated after having been previously convicted of a felony DWI." (Opening Br. 1). The Commonwealth's Attorney also maintained that Forness had been "charged with the felony of driving while intoxicated after having previously been convicted of a felony driving while intoxicated charge." (Br. in Opp. 2). However, the Attorney General of Virginia disagreed,[5] conjuring the argument that the police "charged Forness with DWI under section 18.2-266" and "listed Forness'[] violation as a Class 6 felony per the enhancements to section 18.2-266." (Br. Amicus Curiae 5).

The Attorney General's argument is based on the accurate proposition that the underlying offense of felony DWI after having been previously convicted of a felony DWI charge is a violation of Code § 18.2-266. This Court has held that Code § 18.2-270 provides enhanced penalties for that underlying offense. *Williams v. Commonwealth*, 265 Va. 268, 271 (2003). That much is obvious.

---

[5] The Arlington County Commonwealth's Attorney filed a brief in opposition but did not participate in these proceedings once this Court granted Forness' petition for appeal. As a result, this Court requested that the Attorney General of Virginia file a brief amicus curiae pursuant to Rule 5:30(f).

That proposition in the context of this expungement case, however, is inapposite. The underlying offense of a charge and the charge faced by the accused are different things. The difference is subtle, but crucial.

This Court's decision in *Mwangi*, 277 Va. at 395, illustrates the distinction. There, the defendant was convicted "of driving under the influence (DUI), in violation of Code § 18.2-266."[6] *Id.* at 394. "Mwangi, found to have been convicted of DUI twice before within a five-year period, was sentenced, in accordance with Code § 18.2-270(C)(1), to two years in prison with all but six months suspended." *Id.* At the same time, this Court recognized that "[t]he Commonwealth has the burden of proving all elements of a crime, including prior convictions, beyond a reasonable doubt." *Id.* at 395. We concluded that the circuit court did not have evidence "sufficient to prove the prior DUI conviction . . . which is an element of the felony offense described in Code § 18.2-270(C)(1)." *Id.* This Court then vacated the conviction and remanded the case for a new trial on the lesser included offense of DWI – not only for a new sentencing.[7] *Id.* We recognized that the underlying offense was a violation of Code § 18.2-266, while the initial arrest was based upon a felony charge. Relatedly, a first offense violation of Code § 18.2-266 is a misdemeanor, while a prior felony conviction is required for a felony conviction under Code § 18.2-270. Code § 18.2-270.

This conclusion is confirmed by the record in this case. The warrant of arrest was titled "WARRANT OF ARREST – FELONY." (R. 3). The charging language, prior to amendment in the district court, incorrectly stated that Forness "did unlawfully and feloniously in violation of

---

[6] The underlying offense discussed as "DUI" in *Mwangi* is the same as that discussed herein as "DWI."

[7] Notably, the Court did not remand for a trial on the charge of DWI second within 10 years (Forness' eventual conviction here), but on simple DWI.

Section 18.2-266 . . . drive or operate a motor vehicle while having a blood alcohol concentration of 0.08 percent or more by weight" and did so "*after having committed one prior violation of § 18.2-266 or an offense set forth in subsection E of § 18.2-270 during a period of five to ten years from the date of the current offense and after having committed a previous violation of § 18.2-36.1, 18.2-36.2, 18.2-51.4, 18.2-51.5, or a felony violation of § 18.2-266.*" (R. 3) (Emphasis added). Before the amendment, the warrant reflected a Class 6 felony charge. Further, while the "Short Offense Description" is not a legal definition, it listed the offense as "DWI: PREV FEL; 2ND DWI W/IN 5Y-10Y." The warrant indicates that Forness was improperly charged with felony DWI; a charge of violating Code § 18.2-266 would be a misdemeanor. *See* Code § 18.2-270(A), (C)(2).

Forness was charged with felony DWI after having been previously convicted of a felony DWI conviction. As in *Mwangi*, the charge arose from a felony violation under Code §§ 18.2-266 and 18.2-270. Having clarified the nature of the charge at issue, I turn next to whether that charge was eligible for expungement.

### B. Eligibility of the charge

The Petition requested expungement of a charge of felony DWI, prior felony DWI conviction. This charge results from the "commission of a crime, a civil offense, or any offense defined in Title 18.2," specifically, Code §§ 18.2-266 and 18.2-270. Code § 19.2-392.2(A). Forness was not acquitted of that charge, nor was the charge nolle prossed. Instead, the charge was amended to misdemeanor DWI, second within ten years, over Forness' objection. Thus, the

11

issue is whether the original charge qualifies as "otherwise dismissed" under Code

§ 19.2-392.2(A).[8]

This Court has previously recognized that Virginia's expungement statute exists to "avoid injustice to an 'innocent citizen' falsely accused and unjustly convicted." *Necaise*, 281 Va. at 669. The Court has looked to a lesser included offense analysis, set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), to determine whether an individual is an "innocent citizen" for purposes of expungement. *A.R.A.*, 295 Va. at 159.

Importantly, this Court has not been confronted with an expungement case where the record to be expunged was the result of the Commonwealth conceding a charging error. Central to the analysis is the fact that the wrongly charged offense remains on Forness' criminal record. This Court first interpreted the phrase "otherwise dismissed" in cases where the defendant pleaded guilty or no contest but the charge was later dismissed, holding that those original charges were not eligible for expungement. *See Commonwealth v. Jackson*, 255 Va. 552, 554 (1998) (Jackson pleaded no contest to the original charge); *Gregg v. Commonwealth*, 227 Va. 504, 505 (1984) (Gregg pleaded guilty as a first offender). We have also applied this analysis in cases where the original charge was dismissed as the result of a negotiated plea agreement. *See A.R.A.*, 295 Va. at 166 (Kelsey, J., dissenting) (A.R.A.'s original felony charge was nolle prossed pursuant to a plea agreement); *Dressner*, 285 Va. at 4 (Dressner's original charge was amended pursuant to a plea agreement); *Dressner*, 285 Va. at 11 (Powell, J., dissenting) (citing *Necaise v. Commonwealth*, 281 Va. at 668) (Necaise's original charge was amended pursuant to a plea

---

[8] The underlying charge should have been treated as a nullity and, therefore, no amendment would have been possible. The Commonwealth's better course would have been to nolle prosse the felony charge and bring the correct charge to make sure the process in this case was scrupulous and uncontaminated. The amendment sought to unring a broken bell. The Commonwealth could have – and should have – started with a clean slate.

agreement). This Court has also analyzed expungements in the context of conditional dismissals. *See Brown*, 278 Va. at 95-96; *Commonwealth v. Dotson*, 276 Va. 278, 284 (2008) (Dotson's charge dismissed pursuant to Code § 18.2-251); *Daniel v. Commonwealth*, 268 Va. 523, 525 (2004) (Daniel's charge dismissed pursuant to an agreed finding of facts sufficient, deferred disposition). None of these cases addresses the circumstance where the charge was erroneously brought.

The majority relies primarily on *Necaise*, and the lesser included offense analysis, to conclude that Forness was not an innocent citizen. I disagree with this conclusion for three reasons.

First, Code § 19.2-392.2(A) refers to charges, not offenses. When analyzing the plain language of a statute, "[w]e must presume that the General Assembly chose, with care, the words that appear in a statute, and must apply the statute in a manner faithful to that choice." *Johnson v. Commonwealth*, 292 Va. 738, 742 (2016). If the General Assembly wanted to constrain the expungement statute to underlying offenses, and not charges, it would have referred to expungement of the offense; it did not.

Second, the majority's reasoning here confounds the actual rationale from *Necaise*. There, this Court reasoned that "all of the elements of the offenses of which he was convicted were subsumed within the felony charges and they form the sole bases for the convictions." *Necaise*, 281 Va. at 669. The majority's analysis here does not address the Court's statement from *Mwangi* that "[t]he Commonwealth has the burden of proving all elements of a crime, *including prior convictions*, beyond a reasonable doubt." 277 Va. at 395 (emphasis added). Forness' prior *misdemeanor conviction* could not have been subsumed in the felony because it is a separate element of the crime of DWI, second within 10 years that is not included in the felony

13

charge. Yet, under the majority's analysis, a misdemeanor within 10 years is equivalent to a felony, and Forness' prior misdemeanor DWI was not actually an element of the crime for which he was eventually convicted. The majority's line of reasoning implies that a DWI is a DWI, no matter the aggravating facts. If that were the case, Code § 18.2-270 would not exist, the Commonwealth would never have amended Forness' original charge, and this appeal would likely not be before us. After all, why would the Commonwealth need to amend the charge if Forness' prior offense was not an element of the crime? Under the majority's analysis, it could simply address the issue during the sentencing phase.

Moreover, in *Necaise*, this Court stated that "[e]xpungement of the felony charges would distort the record by leaving the convictions without any foundation, suggesting that they had been arbitrarily imposed. The record as it stands contains a true account of the events that actually occurred and creates no injustice to either party." 281 Va. at 669. Here, in complete contrast, all the parties agree that the original charges were errantly imposed, and that the record does not actually contain a true account of Forness' record.

Third, I disagree with this Court's reasoning because it twists the meaning of "innocent person" as intended by the legislature. The majority maintains that Forness is not an innocent person and relies on *Necaise* to conclude that Forness is ineligible to petition for expungement.

This interpretation of "innocent" implies that a defendant is not innocent of a charge if that defendant is convicted of another related crime. Yet, because a misdemeanor is not the same as a felony charge, and the parties agreed that Forness could not be convicted of the original charge, I would conclude that Forness was innocent *of that charge* for purposes of expungement. After all, if the Commonwealth had nolle prossed the felony charge, and rearrested Forness on the correct charge of DWI second within 10 years, Forness would be considered innocent of the

14

original charge and the original charge would have been eligible for expungement. Code § 19.2-392.2(A)(2). If Forness had been acquitted of felony DWI, Forness would be considered innocent of the original charge, and the charge would be eligible for expungement. Code § 19.2-392.2(A)(1). And if Forness had been found to be actually innocent of felony DWI, he would be innocent of the original charge, and would have been entitled to an order of expungement. Code § 19.2-327.5. Yet, under the majority's analysis, the meaning of innocent is different for "otherwise dismissed" than for nolle prosequi, acquittal, and actual innocence.

Therefore, because the Commonwealth conceded that the original charge was made without a proper foundation, this Court does not need to undertake a lesser included offense analysis and, even under *Necaise*, Forness should be eligible to petition for expungement.

### III. Manifest Injustice

Forness' felony charge, predicated on a fictional previous felony, constitutes a manifest injustice under this Court's precedent. This much is conceded by the Commonwealth Attorney in the brief in opposition to Forness' petition for appeal.

In determining whether a manifest injustice occurred, this Court employs a "forward-looking" analysis. *A.R.A.*, 295 Va. at 160.[9] The existence of a fictional felony alone is sufficient to demonstrate a manifest injustice under this framework. A *felony* conviction carries with it certain civil disabilities and is *by definition* a statement that the convicted person

---

[9] While I would apply the "forward-looking" test used by this Court in *A.R.A.*, I also acknowledge that the analytical framework provided by the dissent in that case would likely reach the same result: even if the Commonwealth were "allowed to show how and why the petitioner was arrested and to show the probable-cause basis for the arrest" it would be unable to show such a basis. *A.R.A.*, 295 Va. at 170 (Kelsey, J., dissenting). As that dissent stated, this Court should not disregard the facts surrounding the defendant's initial charge – to do so would be "methodically ignorant of what everybody knows." *Id.* at 168 (quoting John F. Dillon, *The Laws and Jurisprudence of England and America* (1894) (internal quotation marks omitted)).

committed a more serious offense. *See* Va. Const. art. II, § 1 (disqualification from voting based on conviction of a felony); *see also*, Black's Law Dictionary 762 (11th ed. 2019) ("A serious crime usu[][ally] punishable by imprisonment for more than one year or by death.").

Furthermore, the specific harm caused by a fictitious felony charge and felony conviction on one's record is not hypothetical or speculative. The continued dissemination of false information indicating that Forness is a convicted felon is likely to cause him adverse effects in employment and society at large, as is explicitly recognized by Code § 19.2-392.1.

Forness was never convicted of a prior DWI felony. He was charged with a felony based on a prior nonexistent felony, and when the error was recognized, he was charged with a misdemeanor, by amendment. The record would not be distorted by expunging the felony charge, because the felony charge itself was an error.

Importantly, the Virginia Administrative Code sets forth the procedure for correcting *part* of a record:

> If the information to be expunged is included among other information that has not been expunged on the same form or piece of paper, the expunged information shall be obliterated on the original or the original shall be retyped eliminating the expunged information.

Virginia Department of Criminal Justice Services, Regulations Relating to Criminal History Record Information Use and Security, 6 VAC § 20-120-80(C)(2). Additionally,

> If the expunged information is located on a criminal history record provided by the Central Criminal Records Exchange (i.e., "RAP sheet"), the criminal history record information shall be destroyed, and a new copy, not containing the expunged data, shall be obtained when necessary.

*Id.* at (C)(3). Forness' record would maintain the portions related to his misdemeanor conviction, while expunging the felony charge the Commonwealth agreed was an error. Thus, because there is a procedure to expunge part of a record and maintain the remainder after

16

expungement, I cannot identify a reason to maintain a felony charge that both parties concede was made in error.

Therefore, under the particular and unique facts of this case, I conclude that Forness' felony charge was eligible for expungement under Code § 19.2-392.2, and that the continued existence of the charge, based on an imaginary felony conviction, constitutes a manifest injustice. To affirm the circuit court's judgment applies a judicially created test in a new context and would defeat the plain language and stated intent of the expungement statute. Our precedent should foreclose such a result. *See, e.g.*, *Manu v. GEICO Casualty Co.*, 293 Va. 371, 389 (2017) (observing that "every statute is to be read so as to promote the ability of the enactment to remedy the mischief at which it is directed") (alteration omitted) (quoting *Board of Supervisors v. King Land Corp.*, 238 Va. 97, 103 (1989) (discussing Virginia cases recognizing and applying the "mischief rule")). Objecting to the mischief perpetrated upon Forness herein, I would reverse the circuit court's judgment and remand this case for further proceedings.