Present: Hassell, C.J., Lacy, Keenan, Koontz, Lemons, and Agee, JJ.

JOSEPH TILGHMAN DANIEL

                                        OPINION BY
v.  Record No. 040116          JUSTICE LAWRENCE L. KOONTZ, JR.
                                     November 5, 2004
COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF SUSSEX COUNTY
                    Robert G. O'Hara, Jr., Judge


     In this appeal, we consider whether under the specific

facts of this case the Circuit Court of Sussex County, the trial

court, properly denied a petition for expungement of the police

and court records relating to a criminal charge under Code

§ 19.2-392.2.  We also consider whether the trial court was

required under Code § 19.2-392.2(F) to conduct an evidentiary

hearing to determine the guilt or innocence of the petitioner.

                            BACKGROUND

     The facts are not in dispute.  On August 8, 2001, Joseph

Tilghman Daniel was tried in the trial court on a misdemeanor

charge of assault and battery, pursuant to Code § 18.2-57.

Daniel entered a plea of not guilty, and the trial was conducted

without a jury.  After receiving evidence from two of the

Commonwealth's witnesses, the trial court recessed and permitted

the Commonwealth and Daniel to negotiate an agreed disposition.

     By order entered on that date, the trial court found "the

evidence sufficient for a finding of guilt" on the criminal

charge, but "[withheld] a finding in the case at [that] time." The order then memorialized the parties' agreement that required Daniel to pay $500 restitution to the victim and to perform 50 hours of community service. The order further provided that the case would be taken under advisement until September 10, 2002, and that if Daniel had committed no further offenses and had complied with the terms of the agreed disposition, the case would be dismissed. Thereafter, on September 10, 2002, the trial court entered an order dismissing the charge against Daniel after expressly finding that Daniel had "successfully completed his probation pursuant to the order of this Court entered on 8 August 2001."

On October 23, 2002, Daniel filed a petition pursuant to Code § 19.2-392.2 in the trial court requesting the expungement of the police and court records relating to the misdemeanor assault and battery charge. Daniel averred in the petition that he was "innocent of the charge filed against him," and that he had no prior criminal record. Daniel further averred that the existence and possible dissemination of the information relating to his arrest may cause circumstances that constitute a manifest injustice to him because he is an educator and the record of his arrest will hinder his employment opportunities in the future.

The Commonwealth opposed Daniel's petition. The Commonwealth contended that it had not consented to expungement

as part of the agreed disposition of the charge against Daniel, and that Daniel's case did not fall within the category of cases specified in subsection (A) of Code § 19.2-392.2 as qualifying for expungement.

On February 19, 2003, the trial court[*] conducted a hearing on the petition for expungement, receiving oral argument from both Daniel and the Commonwealth. Daniel asserted that the September 10, 2002 dismissal of the assault and battery charge qualified as a charge "otherwise dismissed" under Code § 19.2-392.2(A)(2), that he met all the other statutory criteria for expungement and, thus, that he was entitled to the expungement of the police and court records relating to that charge under Code § 19.2-392.2(F). In the alternative, Daniel further asserted that the trial court's August 8, 2001 finding that the evidence would justify a finding of guilt "doesn't mean that an acquittal would not have occurred." Thus, Daniel contended that he was entitled to challenge that finding in an evidentiary hearing, which he maintained was required by Code § 19.2-392.2(F).

The Commonwealth, relying on Commonwealth v. Jackson, 255 Va. 552, 499 S.E.2d 276 (1998), contended that the prior finding

_____

[*] The circuit court judge who presided over the prior criminal proceedings in the trial court was not the circuit court judge who presided over the expungement proceedings.

3

by the trial court that the evidence would justify a finding of guilt precluded a subsequent expungement of the records relating to the charge because a dismissal following a period of probation does not fall within the category of charges "otherwise dismissed" as contemplated by Code § 19.2-392.2(A)(2). The Commonwealth further contended that the hearing required by Code § 19.2-392.2(F) is limited to determining whether the denial of an otherwise valid expungement petition would cause a manifest injustice and does not include a challenge to the prior actions or findings of the trial court in the underlying criminal case.

The hearing was continued to permit counsel to file briefs in support of their respective positions. In an August 19, 2003 letter opinion, the trial court adopted the view of the Commonwealth that Jackson was controlling and denied the petition for expungement. Prior to the entry of a final order, Daniel filed a formal objection contending that he had not been afforded "a hearing for the determinations required to be made by Virginia Code § 19.2-392.2," and a motion for an evidentiary hearing.

On October 15, 2003, the trial court conducted a hearing on Daniel's motion for an evidentiary hearing and his objection to the entry of an order denying his petition for expungement. Reiterating the position stated in his brief, Daniel maintained

4

that he was entitled to an evidentiary hearing "at which the [trial court] would make a determination as to whether or not" Daniel was actually innocent of the assault and battery charge. The Commonwealth responded that the expungement proceeding could not be used to collaterally attack the August 8, 2001 finding by the trial court. At the conclusion of the hearing, the trial court entered an order denying Daniel's petition for expungement, adopting by reference the rationale stated in the August 19, 2003 opinion letter. We awarded Daniel this appeal.

## DISCUSSION

In relevant part, Code § 19.2-392.2 provides that:

A. If a person is charged with the commission of a crime and

    1. Is acquitted, or

    2. A nolle prosequi is taken or the charge is otherwise dismissed, including dismissal by accord and satisfaction pursuant to § 19.2-151, or

    3. Is granted an absolute pardon for the commission of a crime for which he has been unjustly convicted, he may file a petition setting forth the relevant facts and requesting expungement of the police records and the court records relating to the charge.

. . . .

F. . . . the court shall conduct a hearing on the petition. If . . . the petitioner has no prior criminal record and the arrest was for a misdemeanor violation, the petitioner shall be entitled, in the absence of good cause shown to the contrary by the Commonwealth, to expungement of the police and court

5

records relating to the charge, and the court shall enter an order of expungement.

Daniel concedes that his case does not qualify for expungement under subsections (A)(1) or (A)(3) of this statute. He maintains, however, as he did in the trial court, that the charge against him was "otherwise dismissed," entitling him to petition for expungement under subsection (A)(2). This is so, he contends, because a dismissal of a criminal charge following a period of probation in which the accused is required to comply with terms that include making restitution to the victim "is indistinguishable from an Accord and Satisfaction, which is a dismissal expressly within the purview" of Code § 19.2-392.2(A)(2). Upon this premise, Daniel further contends that the trial court abused its discretion in not granting his petition for expungement because the record on its face establishes that he has satisfied all the requirements of Code § 19.2-392.2(F) for expungement of the police and court records relating to a misdemeanor charge. We disagree.

In Gregg v. Commonwealth, 227 Va. 504, 316 S.E.2d 741 (1984), we held that a defendant who pled guilty to a first offender charge of possession of marijuana, but had the judgment of guilty deferred and the charge subsequently dismissed after successfully completing a period of probation with terms and conditions, was not entitled to have the police and court

6

records relating to that charge expunged. We observed that "[t]he expungement statute applies to innocent persons." Id. at 507, 316 S.E.2d at 742. Thus, we concluded that "[o]ne who is 'guilty' cannot occupy the status of 'innocent' so as to qualify under the expungement statute as a person whose charge has been 'otherwise dismissed.' " Id. at 507, 316 S.E.2d at 743.

In Jackson, the case relied upon by the trial court, the defendant had entered a plea of nolo contendere to a charge of misdemeanor concealment of merchandise. The trial court expressly found that the evidence was sufficient to convict the defendant but refrained from entering a judgment of guilty and instead required the defendant to "be on 'good behavior,' pay court costs, and not return to the store where the act of concealment occurred for one year." When the Commonwealth subsequently stipulated that the defendant had complied with these terms, the trial court dismissed the charge. 255 Va. at 554, 499 S.E.2d at 277.

Later seeking an expungement of the police and court records related to the concealment charge, Jackson contended that her case could be distinguished from Gregg because she had not pled guilty and, thus, was an "innocent person" as contemplated by the expungement statutes. In the alternative, Jackson contended that the requirement of demonstrating innocence as a prerequisite to obtaining an expungement had been

7

abrogated by the amendment of Code § 19.2-392.2(A)(2) to include the reference to a dismissal "by accord and satisfaction pursuant to § 19.2-151." Id. at 554-55, 499 S.E.2d at 278 (internal quotation marks omitted). The trial court granted the petition for expungement, finding that Jackson's plea of nolo contendere distinguished the case from Gregg. On appeal by the Commonwealth, we reversed the judgment of the trial court.

While recognizing that a plea of nolo contendere is not an admission of guilt, we noted that neither is it "a declaration of innocence equivalent to a plea of not guilty." Id. at 555, 499 S.E.2d at 278. Moreover, we also noted that the trial court actually "determined that the evidence was sufficient to prove Jackson's guilt of the offense and then 'deferred' judgment." Id. Because Jackson agreed to abide by the terms set by the trial court, we held that she was "precluded from maintaining her innocence in the expungement proceeding because, as in Gregg, the record that would be expunged affirmatively establishes her guilt of the offense." Id. at 555-56, 499 S.E.2d at 278.

We also rejected Jackson's contention that the inclusion of language in Code § 19.2-392.2(A)(2) in an amendment enacted after Gregg permitting an expungement of a charge resolved by accord and satisfaction pursuant to Code § 19.2-151 called into question the continued viability of Gregg. We reasoned that a

8

dismissal upon an accord and satisfaction "takes place without a determination of guilt just as in the case of a nolle prosequi or other procedural dismissal. Accordingly . . . the dismissal occurs without any determination of guilt or imposition of penalty by judicial authority." Id. at 557, 499 S.E.2d at 279.

Except that Daniel entered a plea of not guilty, rather than nolo contendere, the facts of the present case are virtually indistinguishable from those in Jackson. Just as in Jackson, the trial court made an express finding that the evidence was sufficient for a finding of Daniel's guilt for the offense charged. Although neither Jackson nor Daniel admitted guilt, each agreed to accept and abide by the terms of probation imposed upon them while the trial court deferred entering a judgment of guilty. "A person deferred from judgment following a determination that the evidence is sufficient to support a conviction is not 'innocent' of the offense regardless of the plea originally entered." Id. (emphasis added).

We also do not agree with Daniel that where the terms imposed during a period of probation include making restitution to the victim, a dismissal following the period of probation "is indistinguishable" from a dismissal by an accord and satisfaction pursuant to Code § 19.2-151. As we noted in Jackson, a dismissal of an assault charge following an accord and satisfaction occurs without any judicial determination of

guilt. Id. Moreover, other than requiring the defendant to pay "cost accrued by the Commonwealth or any of its officers," such dismissal may not include any additional terms, such as requiring the defendant to perform community service or to be on good behavior for a period of probation. Code § 19.2-151.

For these reasons, we hold that the trial court did not err in concluding that the assault and battery charge against Daniel was not "otherwise dismissed" as contemplated by Code § 19.2-392.2(A)(2). Accordingly, we further hold that the trial court properly denied Daniel's petition for expungement on that ground.

Although this holding resolves this particular case, we take this opportunity to address Daniel's further contention that the trial court should have conducted an evidentiary hearing on his petition for expungement to determine whether Daniel was actually innocent of the assault and battery charge. We do so in order to provide guidance to the courts and the bar and to avoid unnecessary future appeals. We begin by emphasizing that the threshold determination to be made by the trial court on considering any petition for expungement of the police and court records relating to a criminal charge is whether the petitioner has a right to seek expungement of those records under an applicable provision of Code § 19.2-392.2(A). See Jackson, 255 Va. at 556 n.2, 499 S.E.2d at 278 n.2.

10

To make such a determination, the trial court must necessarily review the records of the petitioner's arrest and trial, which are to be included with the petition if at all possible. Code § 19.2-392.2(C). Where those records show that the charge the petitioner seeks to have expunged was not the subject of an acquittal, nolle prosequi, or absolute pardon, the trial court is limited by the stated basis for the dismissal in determining whether the case falls within the range of cases "otherwise dismissed" within the meaning of subsection (A)(2) of the statute.

Upon determining that the petitioner has the right to seek expungement, the purpose of the hearing called for by Code § 19.2-392.2(F), as the statute clearly contemplates, is to afford the trial court the opportunity to review the petition and supporting materials to determine whether "the continued existence and possible dissemination of information relating to the arrest of the petitioner causes or may cause circumstances which constitute a manifest injustice to the petitioner" and to provide the Commonwealth the opportunity to oppose the petition, if it so desires. See also Code § 19.2-392.2(D) and (G) (requiring that the petition for expungement be served on the Commonwealth's Attorney and that the Commonwealth be made a party to any expungement proceeding). This statutory scheme

11

does not contemplate a hearing to permit the petitioner to assert his innocence of the original criminal charge.

CONCLUSION

For these reasons, we will affirm the judgment of the trial court denying Daniel's petition for expungement.

<u>Affirmed</u>.