UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Lorish and Senior Judge Petty

MARVIN MAURICE MUNDY

v.     Record No. 1675-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
JUNE 27, 2023

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Phillip L. Hairston, Judge

(Marvin M. Mundy, on brief), *pro se*.

No brief for appellee.

Marvin Maurice Mundy petitioned the Circuit Court of the City of Richmond for

expungement of his 1984 convictions for robbery, abduction, and two counts of using a firearm in

the commission of a felony. Seeking expungement under Code § 19.2-392.2(B), Mundy claimed

that another person used his name or identification without his consent or authorization and that this

other person was convicted of the 1984 offenses.[1] The Commonwealth opposed the petition and

provided the circuit court with information that Mundy was not innocent of the charges. Following

a hearing, the circuit court denied Mundy's petition. On appeal, Mundy maintains that the circuit

court erred and abused its discretion in various ways in denying his petition; he claims that he was

entitled to an expungement under Code § 19.2-392.2(B) and the circuit court failed to consider "a

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

[1] Mundy also filed petitions for expungement under Code § 19.2-392.2(A) from convictions for credit card theft, aggravated assault, forgery, uttering, and possessing a concealed weapon after conviction of a felony. In his amended opening brief, however, Mundy challenges only the trial court's decision concerning the expungement of the robbery, abduction, and felonious use of a firearm convictions.

relevant factor." After examining the brief and the record, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the judgment.

BACKGROUND

In his petition for expungement under Code § 19.2-392.2(B), Mundy asserted that Kenneth Henry Mundy (Kenneth) used Mundy's name and was the person actually convicted of robbery, abduction, and two counts of using a firearm in the commission of a felony in 1984. With his petition, Mundy provided a copy of the sentencing order for the offenses, which bore Mundy's name and listed Kenneth's name as an alias. Mundy also attached to his petition a copy of his fingerprints and an attestation that the fingerprints were his own. The Commonwealth requested a hearing. By letter to the court, the Virginia State Police enclosed a fingerprint card and "supporting document(s)" which indicated that Mundy "was not innocent of the charge(s)." In its order following an expungement hearing in August 2022, the circuit court stated that Mundy was present at the hearing, but was not represented by counsel. The order denied the petition for expungement "for reasons stated on the record" after hearing the Commonwealth's objection and argument.

Mundy moved for reconsideration of the circuit court's decision claiming, among other things, that the August 2022 hearing was held in his absence. In a November 2022 order, the court found that it lacked jurisdiction to vacate, modify, or suspend the prior judgment because more than 21 days had passed since the order denying the expungement. This appeal followed.

DISCUSSION

On appeal, Mundy asserts that his brother Kenneth was convicted of the 1984 robbery, abduction, and related firearm offenses using Mundy's name and identifying information. Mundy maintains that he was not convicted for a felony until 1987, and his criminal record has been confused with Kenneth's through the years. Mundy asserts that he was not present at the expungement hearing and maintains that he "was not notified or made aware of the hearing by video or in person, but was informed by the judge [sic] assistant that [there was] a transportation order to bring [him] to the hearing."[2] He alleges that the proceedings in the circuit court violated his constitutional rights and that the circuit court's decision was an abuse of discretion.

"Virginia law permits the expungement of criminal records in certain circumstances." *Williams v. Commonwealth*, ___ Va. ___, ___ (Apr. 23, 2023). "[T]he threshold determination to be made by the trial court on considering any petition for expungement . . . is whether the petitioner has a right to seek expungement of those records under an applicable provision of Code § 19.2-392.2[]." *Id.* at ___ (quoting *Daniel v. Commonwealth*, 268 Va. 523, 530 (2004)). The expungement statute permits an individual to seek an expungement if his "name or other identification has been used without his consent or authorization by another person who has been charged or arrested using such name or identification . . . ." Code § 19.2-392.2(B). "A petition filed under this subsection shall include one complete set of the petitioner's fingerprints obtained from a law-enforcement agency." *Id.* After receiving relevant information from the Central

---

[2] The assertion that the circuit court issued a transportation order tends to undermine Mundy's contention that the circuit court conducted the August 18, 2022 hearing in his absence. In any event, however, it is well established that "[a] court speaks only through its orders." *Jefferson v. Commonwealth*, 269 Va. 136, 139 (2005) (quoting *Cunningham v. Smith*, 205 Va. 205, 208 (1964)). The circuit court's order denying the petition for expungement clearly reflects that Mundy was present for the hearing.

Criminal Records Exchange (CCRE) concerning the submitted fingerprints, *see* Code

§ 19.2-392.2(E), the circuit court

> shall conduct a hearing on the petition. If the court finds that the continued existence and possible dissemination of information relating to the arrest of the petitioner causes or may cause circumstances which constitute a manifest injustice to the petitioner, it shall enter an order requiring the expungement of the police and court records, including electronic records, relating to the charge. Otherwise, it shall deny the petition.

Code § 19.2-392.2(F). The hearing called for in Code § 19.2-392.2(F) is to allow the trial court

the opportunity to review the petition and supporting documentation to determine whether the

existence of information about the arrest may cause the petitioner manifest injustice and "to

provide the Commonwealth the opportunity to oppose the petition, if it so desires." *Daniel*, 268

Va. at 531. "This statutory scheme does not contemplate a hearing to permit the petitioner to

assert his innocence of the original criminal charge." *Id.*

The record on appeal does not contain a transcript or written statement of facts in lieu of

a transcript for the August 18, 2022 hearing in circuit court. "Rule 5A:8 provides that the

transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the

trial court within 60 days after entry of the final judgment." *Bay v. Commonwealth*, 60 Va. App.

520, 528 (2012). "In lieu of or to supplement a transcript, a party may submit a written statement

of facts that has been presented to and signed by the trial judge and filed by the clerk of the trial

court in accordance with Rule 5A:8(c)." *Id.* "When the appellant fails to ensure that the record

contains transcripts or a written statement of facts necessary to permit resolution of appellate

issues, any assignments of error affected by such omission shall not be considered." Rule

5A:8(b)(4)(ii). "Whether the record is sufficiently complete to permit our review on appeal is a

question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529.

After reviewing the record and the amended opening brief, we conclude that a timely-filed transcript, or written statement of facts in lieu of a transcript, is indispensable to a determination of the claims Mundy raises on appeal. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100 (1986). Upon the current record, we cannot determine whether the circuit court's decision was erroneous or if Mundy sustained a violation of his constitutional rights. In addition, without a transcript or written statement of facts, we cannot determine whether Mundy preserved for appellate review the issues he now asserts. *See* Rule 5A:18.

"[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993) (quoting *Justis v. Young*, 202 Va. 631, 632 (1961)). "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief . . . . We may act only upon facts contained in the record." *Id.* Therefore, we cannot address the merits of Mundy's assignments of error. Rule 5A:8(b)(4)(ii). We note that "[e]ven *pro se* litigants must comply with the rules of court." *Francis v. Francis*, 30 Va. App. 584, 591 (1999).

### CONCLUSION

Consequently, we affirm the circuit court's judgment.

*Affirmed.*