COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Lorish and Senior Judge Petty

KEVIN KOST

                                                 MEMORANDUM OPINION[*]

v.      Record No. 0035-23-4                            PER CURIAM
                                                 SEPTEMBER 12, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

(Jessica E. McCollum; McCollum Legal, PLLC, on brief), for
appellant. Appellant submitting on brief.

No brief or argument for appellee.

Kevin Kost ("appellant") appeals the trial court's denial of his petitions for the expungement

of criminal charges pursuant to Code § 19.2-392.2(A). He asserts the trial court abused its

discretion in denying his petitions by applying an incorrect legal standard. This Court agrees and

reverses the judgment. Appellant waived argument, and the Commonwealth has entered no

appearance in this matter. *See* Code § 17.1-403.

BACKGROUND

Appellant petitioned the Circuit Court of Arlington County (the "trial court") for

expungement of criminal records relating to felony charges of malicious wounding and attempted

robbery. Seeking expungement under the provisions of Code § 19.2-392.2(A), appellant asserted

that he was acquitted of the charges in a jury trial and that the continued existence of the charges

negatively impacted his ability to obtain housing and employment. In response, the Commonwealth

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

requested proof that the existence of the charges had caused or may cause manifest injustice to appellant.

In support of his petitions, appellant produced orders indicating that a jury acquitted him of malicious wounding and attempted robbery on July 21, 2021. Appellant also filed copies of email correspondence purportedly showing that, due to the presence of the acquitted charges on his criminal record, (i) he was denied the opportunity to rent an apartment, and (ii) he was not hired for a job at "ID.me" in 2020.

At the December 9, 2022 hearing on his petitions, appellant testified that he had had job offers revoked after the subsequent completion of criminal background checks, most recently for a bartending position. He further testified that he had been told "not to even bother applying for apartments due to his record." Appellant expressed concerns that his criminal record would affect his career advancement or his mobility, especially if he lost his job due to an economic recession. Other than the charges for which he was acquitted, appellant had no other charges or convictions on his criminal record.

The Commonwealth found appellant's hearing testimony "satisfactory" and did not oppose the petitions for expungement. Yet, despite appellant's evidence and the Commonwealth's acquiescence, the trial court denied the petitions for expungement, finding "a sufficient lack of credibility" in appellant's testimony that he "would be denied a job or apartment opportunities despite an acquittal." This appeal followed.

ANALYSIS

"[W]e generally review a trial court's decision to grant or deny expungement [under Code § 19.2-392.2] for abuse of discretion[.]" *Obregon v. Commonwealth*, 75 Va. App, 582, 586 (2022). "The scope of that discretion, however, is restricted by the forgiving standard that the statute sets forth." *A.R.A. v. Commonwealth*, 295 Va. 153, 160 (2018).

"Virginia law permits the expungement of criminal records in certain circumstances." *Williams v. Commonwealth*, ___ Va. ___, ___ (Apr. 20, 2023). "[T]he threshold determination to be made by the trial court on considering any petition for expungement . . . is whether the petitioner has a right to seek expungement of those records under an applicable provision of Code § 19.2-392.2[]." *Id.* at ___ (first and second alterations in original) (quoting *Daniel v. Commonwealth*, 268 Va. 523, 530 (2004)). That statute explicitly permits a petitioner to seek expungement of criminal charges "when [he] has been acquitted, or '[a] nolle prosequi is taken or the charge is otherwise dismissed.'" *Id.* at ___ (second alteration in original) (quoting Code § 19.2-392.2(A)(2)).

After receiving relevant information from the Central Criminal Records Exchange (CCRE) based on petitioner's provided fingerprints, *see* Code § 19.2-392.2(E), the circuit court

> shall conduct a hearing on the petition. If the court finds that the continued existence and possible dissemination of information relating to the arrest of the petitioner *causes or may cause* circumstances which constitute a manifest injustice to the petitioner, it shall enter an order requiring the expungement of the police and court records, including electronic records, relating to the charge. Otherwise, it shall deny the petition.

Code § 19.2-392.2(F) (emphasis added). The petitioner bears the burden of proof that "the continued existence and possible dissemination of information relating to the arrest of the petitioner causes or may cause" him a manifest injustice. *A.R.A.*, 295 Va. at 160 (quoting Code § 19.2-392.2(F)). "[I]n using the word 'may'" in Code § 19.2-392.2(F), "the General Assembly 'plainly signaled that a petitioner need not show actual prejudice.'" *Obregon*, 75 Va. App. at 587 (quoting *A.R.A.*, 295 Va. at 161).

"[T]he policy goal of expungement [i]s to remove the 'hindrance to an innocent citizen's ability to obtain employment, an education and to obtain credit.'" *Id.* (quoting *A.R.A.*, 295 Va. at 161); *see also Williams*, ___ Va. at ___ (stating that "the purpose of the statute . . . is to allow

- 3 -

'innocent citizens' to avoid the consequences that flow from the existence of arrest records"). "Because a citizen with an expungable record 'occupies the status of innocent,' even a 'reasonable possibility' of such hindrance can be 'a basis of a finding of manifest injustice.'" *Obregon*, 75 Va. App. at 587 (quoting *A.R.A.*, 295 Va. at 161-62). Therefore, a petitioner seeking expungement need only "establish 'a reasonable possibility of manifest injustice.'" *Id.* (quoting *A.R.A.*, 295 Va. at 161).

In this case, the evidence was uncontroverted that appellant was acquitted of the malicious wounding and attempted robbery charges. He thus "occupie[d] the status of an innocent" and was entitled to seek an expungement under Code § 19.2-392.2(A). *A.R.A.*, 295 Va. at 161-62. At the evidentiary hearing, appellant testified that he had lost job opportunities and had been told that his criminal charges were a barrier to obtaining an apartment. He even provided copies of email correspondence in support of those contentions. Based on appellant's testimony, the Commonwealth agreed that expungement was appropriate under the circumstances.[1]

Notwithstanding the uncontested evidence, the trial court found that appellant failed to prove he "would" be denied a job or apartment opportunities despite the acquittal. In reaching this conclusion, the trial court necessarily required appellant to prove "actual manifest injustice" rather than only a "reasonable possibility" of manifest injustice from the continued existence of the charges. *See Obregon*, 75 Va. App. at 587 (petitioner's "uncontradicted testimony was sufficient to raise a reasonable possibility that manifest injustice would result" if three dismissed charges against her were not expunged).

---

[1] And the Commonwealth has entered no appearance in this matter to contest appellant's appeal of the trial court's judgment.

- 4 -

To be sure, "[a] person with a lengthy unexpungeable criminal record will generally stand on a different footing with respect to showing a possible 'manifest injustice.' For such a person, even if an isolated arrest record is expunged, the remaining criminal history remains available to prospective employers and others." *A.R.A.*, 295 Va. at 162. Appellant, however, had no charges or convictions on his criminal record other than the charges for which he sought expungement.

Because appellant satisfied his burden to prove a "reasonable possibility" of manifest injustice, this Court concludes that the trial court abused its discretion by failing to apply the appropriate standard and in denying appellant's petitions for expungement.

CONCLUSION

For the foregoing reasons, this Court reverses the judgment and remands for entry of an order granting the petitions for expungement.

*Reversed and remanded.*