COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Fulton and Ortiz

ANTHONY MCFADDEN

v.      Record No. 0312-23-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE DANIEL E. ORTIZ
APRIL 16, 2024

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Kevin M. Duffan, Judge

(Alafia Sharpe; Legal Aid Society of Eastern Virginia, on brief), for
appellant.  Appellant submitting on brief.

(Colin D. Stolle, Commonwealth's Attorney; Andre J. Rosenberg,
Assistant Commonwealth's Attorney, on brief), for appellee.
Appellee submitting on brief.

Anthony McFadden petitioned the Circuit Court of the City of Virginia Beach for

expungement of his 2016 arrest for attempting to possess a firearm after conviction of a nonviolent

felony.  Seeking expungement under the provisions of Code § 19.2-392.2(A), McFadden asserted

that the charge was nolle prossed and that the "continued existence and possible dissemination of

information relating to the arrest" "causes or may cause circumstances which constitute a manifest

injustice to" him.  The Commonwealth opposed the petition, contending that, considering

McFadden's existing criminal record, no circumstances "would constitute a manifest injustice" to

him from the continued existence or possible dissemination of information relating to the arrest.

Following a hearing, the circuit court denied the petition for expungement, and then, after a second

hearing, denied McFadden's motion to reconsider.  McFadden argues that the circuit court erred in

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

denying his petition and his motion to reconsider its decision. The parties waived argument in this case. Code § 17.1-403(ii); Rule 5A:28(e). Finding that the circuit court abused its discretion by applying the incorrect standard in evaluating McFadden's expungement petition, we reverse and remand for further proceedings.

## BACKGROUND

We note as a preliminary matter the odd procedural posture of this case. No transcript was prepared based on the circuit court's November 15, 2022 hearing on McFadden's petition. Instead, we rely on a statement of facts filed by McFadden and signed by the circuit court.[1] Although the record contains a transcript from the February 15, 2023 hearing on McFadden's motion to reconsider, that transcript is not properly before us.[2]

---

[1] "A written statement of facts, testimony, and other incidents of the case becomes a part of the record when" it is filed with the clerk of the circuit court within 60 days after entry of the judge's final order, delivered to opposing counsel, and then signed by the judge. Rule 5A:8(c). "Any party may object to a . . . written statement on the ground that it is erroneous or incomplete" by filing an objection with the clerk before the latter of 15 days after the statement of facts is filed or 10 days after the notice of appeal is filed. Rule 5A:8(d). Upon receipt of such an objection, the judge has 10 days to overrule the objection or correct the statement of facts before signing it. *Id.* "The judge's signature on a transcript or written statement, without more, constitutes certification that the procedural requirements of this Rule have been satisfied." *Id.*

The Commonwealth on appeal notes that it emailed McFadden's counsel before the statement of facts was filed with the circuit court, noting its exception to the final paragraph of the statement of facts. But the Commonwealth does not allege that it submitted a timely objection to the circuit court, and the record reflects no such objection. Further, the judge's signature on the statement of facts is enough to certify compliance with Rule 5A:8. Therefore, we rely upon the statement of facts in its entirety in evaluating this appeal.

[2] By the time of that hearing, the circuit court had lost jurisdiction over the matter because more than 21 days had passed since it entered final judgment on January 17, 2023. *See* Rule 1:1(a) ("All final judgments, orders, and decrees . . . remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."). Thus, the circuit court had no authority to reconsider its denial of the petition for expungement, and we do not rely on the proceedings in the reconsideration hearing in evaluating McFadden's appeal. *See Minor v. Commonwealth*, 66 Va. App. 728, 743 (2016) (noting that this Court lacks jurisdiction to consider appeals from orders over which the circuit court had no jurisdiction).

Based on the facts in the record, in 2016, McFadden was arrested for attempted possession of a firearm after conviction of a nonviolent felony. That charge was concluded with a nolle prosequi. McFadden's record also includes a few out-of-state convictions: a 2001 felony drug conviction in Connecticut, which was "provisional[ly] pardon[ed]" in 2009; two misdemeanor drug convictions in New York from 1986 and 1987; and a felony drug conviction in New York from 1997.

Between 2009 and 2021, McFadden worked successfully at Home Depot, but he lost his job due to an injury. Afterward, McFadden applied for numerous jobs, including with Amazon, Walmart, and other similar companies, but he was unable to obtain employment. As a result of his unemployment, McFadden faced financial hardship, including an inability to pay rent or purchase food without government assistance. Most employers who declined to hire him did not provide specific reasons for his rejection. One rejection involved "a dispute regarding his commercial driver's license." Asserting that his 2016 arrest created a barrier to being able to regain employment and maintain "a good lifestyle," McFadden applied for expungement under Code § 19.2-392.2(A).

Following a hearing, the circuit court found that McFadden failed to show that the existence of the nolle prossed felony charge on his record caused or might cause circumstances that could constitute manifest injustice to him. The court found no "direct connection with the felony charge" and McFadden's inability to gain employment. Thus, in a January 17, 2023 order, the circuit court denied the petition for expungement.

McFadden moved for reconsideration of the circuit court's decision, and the court conducted a hearing on the motion on February 15, 2023, more than 21 days after entry of the court's final order. The circuit court denied the motion to reconsider, but entered no order containing this ruling. McFadden appeals.

DISCUSSION

"[W]e generally review a trial court's decision to grant or deny expungement for abuse of discretion." *Obregon v. Commonwealth*, 75 Va. App. 582, 586 (2022). However, that discretion is limited by the proper application of Code § 19.2-392.2, Virginia's expungement statute. *See id.*

"[T]he threshold determination to be made by the trial court on considering any petition for expungement . . . is whether the petitioner has a right to seek expungement of those records under an applicable provision of Code § 19.2-392.2(A)." *Williams v. Commonwealth*, 302 Va. 172, 173 (2023) (alterations in original) (quoting *Daniel v. Commonwealth*, 268 Va. 523, 530 (2004)). "The expungement statute specifies that a person may ask for expungement when the petitioner has been acquitted, or '[a] nolle prosequi is taken or the charge is otherwise dismissed.'" *Id.* at 173-74 (alteration in original) (quoting Code § 19.2-392.2(A)(2)). After receiving relevant information from the Central Criminal Records Exchange concerning the fingerprints submitted by the petitioner as required by statute, *see* Code § 19.2-392.2(E), the circuit court

> shall conduct a hearing on the petition. If the court finds that the continued existence and possible dissemination of information relating to the arrest of the petitioner *causes or may cause* circumstances which constitute a manifest injustice to the petitioner, it shall enter an order requiring the expungement of the police and court records, including electronic records, relating to the charge. Otherwise, it shall deny the petition.

Code § 19.2-392.2(F) (emphasis added).

"[I]n using the word 'may'" in Code § 19.2-392.2(F), "the General Assembly 'plainly signaled that a petitioner need not show actual prejudice.'" *Obregon*, 75 Va. App. at 587 (quoting *A.R.A. v. Commonwealth*, 295 Va. 153, 161 (2018)). "[T]he policy goal of expungement [i]s to remove the 'hindrance to an innocent citizen's ability to obtain employment,

an education and to obtain credit.'" *Id.* (quoting *A.R.A.*, 295 Va. at 161). "Because a citizen with an expungable record 'occupies the status of innocent,' even a 'reasonable possibility' of such hindrance can be 'a basis of a finding of manifest injustice.'" *Id.* (quoting *A.R.A.*, 295 Va. at 161-62). Therefore, "an expungement petitioner only need[s] to establish 'a reasonable possibility of manifest injustice.'" *Id.* (quoting *A.R.A.*, 295 Va. at 161). The statutory standard is "forgiving," thereby restricting a judge's discretion to deny an expungement petition. *A.R.A.*, 295 Va. at 160. Though courts should not favor "fantastical or exaggerated assertions of a potential adverse impact," even "a reasonable fear" of a negative impact on career advancement or other prospects is sufficient to compel an expungement under the statute. *Id.* at 162-63.

Although "the 'manifest injustice' standard is permissive, . . . [a] person with a lengthy unexpungeable criminal record will generally stand on a different footing with respect to showing a possible 'manifest injustice.'" *Id.* at 162. Importantly, a person with a prior criminal history still "occupies the status of innocent" in expungement matters. *See Obregon*, 75 Va. App. at 587 (quoting *A.R.A.*, 295 Va. at 161). However, as the Supreme Court has noted, "[f]or such a person, even if an isolated arrest record is expunged, the remaining criminal history remains available to prospective employers and others" and expungement "will yield no tangible benefit to the petitioner." *A.R.A.*, 295 Va. at 162. By similar logic, expungement may yield more significant tangible benefits to petitioners with older criminal histories, given the likely reality that reviewing employers and educators may weigh newer criminal charges more heavily than older records. The seriousness of both the expungable offense and the prior criminal charges, and any subsequent clemency actions are also relevant considerations. For petitioners whose previous charges have been addressed through clemency, whose prior criminal history is less serious, or whose expungable charges are more serious, expungement is more likely to offer protection "from . . . unwarranted damage," as intended by the legislature. *See* Code

- 5 -

§ 19.2-392.1. Additionally, the text of Code § 19.2-392.2 is forward-looking—requiring courts to engage in a case-by-case analysis, based not only on a person's past, but also on their future educational, vocational, or other goals. *See A.R.A.*, 295 Va. at 160, 163. Ultimately, "the General Assembly intended generous application of this remedial statute." *Id.* at 165 (Lemons, C.J., concurring in the result).

Here, the circuit court "denied [McFadden's] petition on the basis that [McFadden] failed to show that the existence of a nolle prossed felony charge caused or might cause circumstances which could constitute a manifest injustice," apparently applying the correct statutory standard. However, the court elaborated, stating that "it did not find that there was *a direct connection* with the felony charge and [McFadden]'s inability to gain employment." (Emphasis added). As this Court noted in *Obregon*, "[a] trial court applies the law incorrectly when it requires an expungement petitioner to prove actual manifest injustice, rather than a reasonable possibility of manifest injustice." 75 Va. App. at 584. Similarly, the circuit court here erred in requiring McFadden to prove a "direct connection" between his nolle prossed felony charge and his challenges in finding work, rather than requiring only "a reasonable possibility of manifest injustice." *A.R.A.*, 295 Va. at 161. In *A.R.A.*, the Supreme Court emphasized that a "reasonable fear" that past charges had impacted or would impact the petitioner's employment and education prospects was sufficient, even if the petitioner had "not shown actual adverse effects on her employment up to this point." *Id.* at 163. Accordingly, we remand to the circuit court for reconsideration, applying the proper statutory standard to the facts of McFadden's case.[3]

---

[3] McFadden also argues that the circuit court erred in denying his motion to reconsider. Because we find that the circuit court abused its discretion by applying the incorrect standard in issuing its final order, we need not reach McFadden's second assignment of error. Further, as noted above, the circuit court lacked authority to reconsider its denial of the petition for expungement, and we may thus not rule on it on appeal. *See* Rule 1:1(a) (limiting a trial court's jurisdiction to 21 days following the entry of a final order); *Minor*, 66 Va. App. at 743 (noting

- 6 -

CONCLUSION

Because the circuit court abused its discretion by requiring McFadden to prove a "direct connection" between his employment difficulties and his unexpunged felony charge, we reverse and remand for the circuit court to review McFadden's petition to consider whether he faces "a reasonable possibility of manifest injustice" because of the nolle prossed 2016 charge which remains on his record.

*Reversed and remanded.*

---

that this Court lacks jurisdiction over appeals from orders entered when the circuit court lacked jurisdiction).